IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 4:07-CR-38-BO
NO. 4:12-CV-115-BO

| | |
|---|---|
| ADRIAN LAMONT DIXON, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This cause is before the Court on petitioner's motion seeking reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [DE 44]. For the following reasons, petitioner's motion is denied.

## BACKGROUND

On October 1, 2007, Petitioner Adrian Lamont Dixon pled guilty pursuant to a plea agreement to possession with intent to distribute more than five grams of cocaine base and a quantity of powder cocaine in violation of 21 U.S.C. § 841(a)(1) (count one); using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count two); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (count three). [DE 17]. He was sentenced to a total term of imprisonment of 180 months in the custody of the Bureau of Prisons on February 13, 2008. [DE 21]. Petitioner did not appeal his conviction or sentence. He then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on June 11, 2012, in which he argued that the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), rendered him innocent of count three and not subject to the career offender guideline enhancement on count one. [DE 28, 34]. Mr. Dixon's § 2255 motion was dismissed as untimely by order entered December 20, 2013. [DE

37]. Petitioner now seeks reconsideration of the Court's 2012 order pursuant to Rule 60(b). [DE 44]. Specifically, petitioner alleges that the Fourth Circuit's decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), *rev'd* 775 F.3d 180 (4th Cir. 2014 (en banc), *cert. denied* 135 S.Ct. 2890 (2015), renders his claims cognizable and timely under 2255.[1] He therefore requests that his sentence be vacated and he be re-sentenced without application of the career offender enhancement.

## DISCUSSION

Mr. Dixon argues that he was erroneously sentenced as a career offender and that this Court should grant him the relief requested in his § 2255, vacate his sentence, and re-sentence him without application of the career offender enhancement.[2] The relief requested is that which would result from a successful motion to vacate, set aside, or correct sentence. Thus, the Court is constrained to re-characterize the motion as a section 2255 petition. *United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003) ("A motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence.").

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made

---

[1] After petitioner filed the instant motion based on the panel decision in *Whiteside*, the Fourth Circuit, sitting en banc, vacated the panel decision and affirmed the district court's dismissal of the petition as untimely. *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc). The Supreme Court declined to grant certiorari. *Whiteside v. United States*, 135 S.Ct. 2890 (2015).

[2] The Court notes that the Fourth Circuit recently decided that a challenge to the erroneous application of the career offender enhancement is not cognizable on collateral review. *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), *cert. denied*, 135 S.Ct. 2850 (2015). Because the Court must first address whether it has jurisdiction over this matter, however, *Foote* is not case-dispositive.

2

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). A Rule 60 motion challenging the same conviction and sentence based on a subsequent change in substantive law is deemed to be successive and requires authorization from the court of appeals in order to be filed. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motion attacks the same conviction and sentence as was earlier challenged, it is properly construed as a second or successive § 2255 petition, and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *See United States v. Downing*, 372 F. App'x 435, 436 (4th Cir. 2010) (unpublished) (finding it erroneous for a district court to consider the merits of a Rule 60(b) motion where it should have been construed as a successive § 2255, and the district court therefore lacked jurisdiction to consider it). A petitioner is not required to receive notice of the Court's re-characterization of the motion, as it has been found to be second or successive. *See, e.g., United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent 'a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's Rule 60(b) motion, herein re-characterized as a motion to vacate pursuant to 28 U.S.C. § 2255, [DE 44] is DISMISSED for want of jurisdiction. A certificate of appealability is DENIED.

SO ORDERED, this  14  day of August, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE